IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RHONDA J. WIDMER, as the personal representative of the Estate of JOHN T. WIDMER, deceased** | : : : : | |
| **Plaintiff** | : | |
| v. | : : | NO. 8:19-cv-34 |
| **UNION PACIFIC RAILROAD COMPANY** | : : : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2. Plaintiff, Rhonda J. Widmer, is an adult individual residing at 13515 Spring Court, Tomball, TX 77375, who is the widow of John T. Widmer and the representative of his Estate.

3. Plaintiff's husband, John T. Widmer died on February 3, 2016.

4. Defendant, Union Pacific Railroad Company, successor in interest to Union Pacific Railroad, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

5. Defendant, Union Pacific Railroad Company maintains its principal place of business at 1400 Douglas Street, Omaha, Nebraska.

6. Railroads and their facilities are notorious for having been contaminated from

years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

7. From approximately 1993 to 2016, the Plaintiff's decedent was employed by Defendant railroad as a signalman and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

8. Specifically, Plaintiff's decedent's territory encompassed Fort Worth and Houston, Texas, and sometimes Louisiana.

9. During the course and scope of his career with the Defendant railroad, as described above, and while working in the Defendant's yards, buildings, and along its rights of way, Plaintiff's decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/exhaust/benzene, creosote, herbicides and asbestos.

10. Specifically, Plaintiff's decedent was exposed to: diesel fuel/fumes/benzene from the exhausts of the locomotives and on track equipment; creosote from rail ties and timbers; herbicides used to control vegetation along the rights-of-way and; asbestos from insulation and building materials used on various structures along the railroad.

11. Plaintiff's decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of acute lymphoblastic leukemia (ALL).

12. Plaintiff's decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

13. The Plaintiff's decedent's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have

known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

    14.    Defendant's negligence consisted of:

        (a)    Failed to use ordinary care and caution to provide the Plaintiff's decedent with a reasonably safe place in which to work as required by the FELA;

        (b)    Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's decedent's exposure to toxic materials and carcinogens;

        (c)    Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

        (d)    Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

        (e)    Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

        (f)    Failed to periodically test employees such as the Plaintiff's decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's decedent as to the test results;

        (g)    Failed to warn the Plaintiff's decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

        (h)    Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's decedent, to carcinogens;

        (i)    Failed to provide the Plaintiff's decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens and;

    (j)    Failed to provide the Plaintiff's decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

15. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

16. As a direct result of the negligence of the Defendant, the Plaintiff's decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

17. As a result of the negligence of the Defendant, Plaintiff's decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

18. Plaintiff's decedent suffered from a fear of death as a result of his cancer.

19. Plaintiff seeks all damages recoverable under the FELA.

20. Plaintiff's decedent was never informed as to the cause of his cancer.

21. Less than three (3) years before Plaintiff's Complaint was filed she first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Rhonda J. Widmer, demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

BERN CAPPELLI

Dated: 1/24/2019    BY: /s/ Shawn M. Sassaman
    SHAWN M. SASSAMAN
    Attorney for Plaintiff
    101 West Elm Street
    Suite 215
    Conshohocken, PA 19428
    (610) 941-4444
    (610) 941-9880 fax